IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ALYCIA SHANTE BONTON**, <br><br> Plaintiff, <br><br> v. <br><br> **TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**; **ANGELA WILSON**; **LARRY THORNE**; **JEFFERSON COUNTY TEXAS, DISTRICT COURT, 317TH JUDICIAL DISTRICT**; **REGINALD FLUKER**; and **DEBORAH FLUKER**, <br><br> Defendants. | Case No. 3:24-cv-01571-IM <br><br> **OPINION AND ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL** |

Alycia Shante Bonton, 3333 SW 198th Ave., Unit 105, Aloha, OR 97003. Pro Se.

**IMMERGUT, District Judge.**

      This matter is before this Court on Plaintiff Alycia Bonton's Motion for Appointment of Counsel, ECF 2. This Court denies Plaintiff's Motion for Appointment of Counsel, ECF 2, because this is not an exceptional circumstance. This Court also dismisses Plaintiff's amended complaint, ECF 6, with leave to amend on or before October 31, 2024. If Plaintiff chooses to file

PAGE 1 – OPINION AND ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

an amended complaint, she may also renew her motion for appointment of counsel, if appropriate.

## LEGAL STANDARDS

Courts must construe pro se filings liberally. *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 980 (9th Cir. 2022). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Simmons v. United States*, 142 S. Ct. 23, 25 (2021) (Sotomayor, J., statement respecting denial of certiorari) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A court may sua sponte dismiss a complaint for failure to comply with Federal Rule of Civil Procedure 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1129 (9th Cir. 2008). A pro se litigant will be given leave to amend her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).

## BACKGROUND

Plaintiff filed her complaint on September 17, 2024, naming Angela Wilson of the Texas Department of Family and Protective Services as Defendant. Complaint ("Compl."), ECF 1 at 2. She filed an amended complaint on September 18, 2024, adding "Judge Larry Thorne" of "Jefferson County Texas, District Court," Reginald Fluker, and Deborah Fluker as Defendants. Amended Complaint ("Am. Compl."), ECF 6 at 2. Plaintiff claims that this Court's jurisdiction is based on the presence of a federal question. ECF 1 at 3. When prompted to list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in the case, Plaintiff listed 28 U.S.C. § 1331 and 28 U.S.C. § 1441(a). *Id.* Under "Nature of Suit," Plaintiff checked the box for "Other Civil Rights." *Id.* at 6. There were no attachments or other documents filed with Plaintiff's complaint.

PAGE 2 – OPINION AND ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

## DISCUSSION

### A. Sua Sponte Dismissal

As detailed below, this Court finds that it is appropriate to dismiss Plaintiff's amended complaint sua sponte under Rule 8 and permit her leave to amend her complaint. Plaintiff is advised that an amended complaint supersedes the preceding complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the court treats all preceding complaints as nonexistent. *Id.* Because this Court grants Plaintiff leave to amend all of her claims raised here, any claim raised in a preceding complaint is waived if it is not raised again in the amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

#### 1. Federal Rule of Civil Procedure 8

Rule 8 requires that each pleading include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1). A complaint is insufficient under Rule 8 if it "fails to provide the defendant fair notice of the wrongs allegedly committed." *Herta v. Wiblemo*, No. 22-CV-1679-BAS-BGS, 2023 WL 116346, at *2 (S.D. Cal. Jan. 5, 2023); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011) (collecting Ninth Circuit cases upholding Rule 8 dismissals when pleadings were "confusing," "largely irrelevant," "distracting, ambiguous, and unintelligible," "highly repetitious," or "consist[ing] of incomprehensible rambling"). Here, "the Complaint fails to give Defendants 'fair notice of what [P]laintiff's claim is and the grounds upon which it rests in order to enable [Defendants] to prepare an answer . . . , and to identify the nature of this case.'" *Herta*, 2023 WL 116346, at *2 (quoting *Isidro Mejia v. N.Y. Police Dep't*, 1:16-cv-9706-GHW, 2019 WL 3412151, at *7 (S.D.N.Y. July 28, 2019)). Even construed liberally, Plaintiff's complaint provides no factual allegations relating to her claims,

and does not connect her claims to the relief she seeks. Plaintiff merely writes "U.S. Jurisdiction and local rules of civil procedure" under the portion of the form requesting a short and plain statement of her claim. Am. Compl., ECF 6 at 4. Accordingly, Plaintiff's Complaint fails to comply with Rule 8 and must be dismissed.

Because Plaintiff is proceeding pro se, this Court will allow her an opportunity to amend her Complaint to attempt to cure these deficiencies. The following discussion is intended to assist Plaintiff if she intends to amend her complaint.

### 2. Venue and Cause of Action

This Court notes that the District of Oregon may not be the proper venue for Plaintiff's lawsuit. Plaintiff lists 28 U.S.C. § 1441(a), the statute for removing a civil action, as her cause of action. Am. Compl., ECF 6 at 6. She further states that she "Removed [this case] from State Court to U.S. District Court." Am. Compl., ECF 6 at 6. Plaintiff is advised that only a defendant may remove a case to federal court. 28 U.S.C. § 1441(a). This removal statute states:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

*Id.* (emphasis added). Plaintiff is further advised that any action must be removed to U.S. District court where the state action is pending. *Id.* "[R]emoval to the wrong court under § 1441(a) is a procedural defect akin to an improper venue situation." *Steel Commander Corp. v. Pascua*, No. CV 22-00498 JMS-KJM, 2022 WL 20513941, at *1 (D. Haw. Dec. 5, 2022) (citations and internal quotations omitted). Any amended complaint must specify where the underlying state action is pending.

PAGE 4 – OPINION AND ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT AND DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This Court further notes that Plaintiff does not appear to have provided a cause of action. Cause of action means "a legal theory of a lawsuit." *Black's Law Dictionary* (12th ed. 2024). The removal statute discussed above does not provide a cause of action, but rather provides a basis for this Court's jurisdiction. Elsewhere in her amended complaint, Plaintiff cites the federal statute for federal question jurisdiction, 28 U.S.C. § 1331, which is also grounds for jurisdiction and not a cause of action.

### 3. Judicial Immunity

To the extent that Plaintiff is suing a judge for judicial acts within the scope of his or her jurisdiction, Plaintiff is advised that any such judge would be immune from suit.

Judges are absolutely immune from liability for damages, declaratory relief, and generally for injunctive relief sought arising from judicial acts performed in their judicial capacity. *Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir. 1996) (superseded by statute on other grounds); *Mullis v. United States Bankr. Ct.*, 828 F.2d 1385, 1388, 1394 (9th Cir. 1987). To qualify for judicial immunity, a judge must have performed "judicial acts" within the scope of his or her jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "An act is judicial in nature if it is a function normally performed by a judge and the parties to the act were dealing with the judge in his judicial capacity." *McGuire v. Clackamas Cty. Couns.*, No. 08-CV-1098-AC, 2009 WL 4456310 at *4 (D. Or. Nov. 24, 2009) (citing *Stump*, 435 U.S. at 362). Judges "enjoy absolute immunity even when their actions are erroneous, malicious, or in excess of judicial authority." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989). Here, Plaintiff's amended complaint names Defendant Judge Thorne as "Presiding Judge," Fist Am. Compl., ECF 6 at 2, suggesting she is suing Judge Thorne for judicial acts performed within the scope of his judicial capacity. If this is the case, Judge Thorne would be immune from suit.

### 4. Sovereign Immunity

Under the Eleventh Amendment, "a federal court generally may not hear a suit brought by any person against a nonconsenting State." *Allen v. Cooper*, 589 U.S. 248, 254 (2020). The United States Supreme Court "has judicially extended [the Eleventh Amendment] to bar federal courts from deciding virtually any case in which a state or the 'arm of a state' is a defendant." *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422 (9th Cir. 1991).

Plaintiff lists as a defendant Texas Department of Family and Protective Services ("DFPS"). Am. Compl., ECF 6 at 2. Plaintiff is advised that DFPS is a state agency and may be entitled to sovereign immunity under the Eleventh Amendment. *See, e.g.*, *Thomas v. Texas Dep't of Fam. & Protective Servs.*, No. 4:21-CV-00437-O, 2021 WL 4808651, at *4 (N.D. Tex. July 29, 2021) (granting defendant's motion to dismiss plaintiff's discrimination, interference, and retaliation claims against DFPS on sovereign immunity grounds).

## B. Appointment of Counsel

Turning to Plaintiff's Motion for Appointment of Counsel, this Court denies the Motion as this is not an exceptional circumstance.

Generally, a plaintiff in a civil case has no right to appointed counsel. *See Hernandez v. Whiting*, 881 F.2d 768, 770–71 (9th Cir. 1989); *United States v. 30.64 Acres*, 795 F.2d 796, 801 (9th Cir. 1986). A court has discretion, however, to appoint an attorney to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[1] In deciding whether to appoint counsel in a civil case, a court may consider whether a plaintiff made a reasonably diligent effort to obtain

---

[1] Courts apply the same standard for determining appointment of counsel to pro se litigants who have paid the filing fee as those who are proceeding *in forma pauperis*. *See Nees v. Maney*, No. 2:22-CV-1874-SI, 2024 WL 753670 (D. Or. Feb. 23, 2024); *Bistrika v. Salem/Keizer Sch. Dist.*, No. 3:12-CV-2246-PK, 2013 WL 3973898 (D. Or. July 31, 2013).

counsel. *See Bailey v. Lawford*, 835 F. Supp. 550, 552 (S.D. Cal. 1993). Here, Plaintiff indicates that she made efforts to secure counsel. *See* ECF 2 at 2 (stating that she contacted "numerous" lawyers, law firms, or legal clinics to try to obtain legal representation).

Additionally, court appointment of counsel pursuant to § 1915(e)(1) requires a finding of "exceptional circumstances." *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (quoting *Wilborn v. Esalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Determining whether "exceptional circumstances" exist requires a court to evaluate a plaintiff's (1) likelihood of success on the merits, and (2) ability to articulate her claims pro se in light of the complexity of the legal issues involved.

In light of this Court's determination that Plaintiff has failed to comply with Federal Rule Civil Procedure 8, this Court also finds that Plaintiff has not shown a likelihood of success on the merits of her case. Though Plaintiff made efforts to secure counsel, the deficiencies in her complaint provide this Court with little basis for determining likelihood of success on the merits. Plaintiff's motion to appoint counsel is therefore denied. Should Plaintiff file an amended complaint curing the deficiencies described above, she may also request that the Court reconsider her motion to appoint counsel, if appropriate.

## CONCLUSION

Plaintiff's Amended Complaint, ECF 6, is DISMISSED without prejudice. Plaintiff is granted leave to further amend her complaint to add more factual allegations. If Plaintiff chooses to amend her complaint, she must do so by October 31, 2024. Plaintiff's Motion for Appointment of Counsel, ECF 2, is DENIED without prejudice. Plaintiff is granted leave to renew her Motion for Appointment of Counsel. If she chooses to do so, she must file her renewed Motion by October 31, 2024.

**IT IS SO ORDERED.**

DATED this 10th day of October, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge